FILED

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

2019 SEP -5 P 2:46

US DISTRICT COURT
BRIDGEPORT CT

## COMPLAINT FORM

ANTHONY G. VILLANO dba VITANO INC
Villano & Gallo International Trust dba
Captains Way, The Templum of The Third Millennium;
Settlor of Ciao Trust BRIANO SUPINO
ANASTASIO FAMILY TRUST
Felice Andy ANASTASIO
PASQUALE PAGLIARULO
EDWARD GIACCI
RAFFAELE VILLANO
FRANCO MONCONE
RON SMITH
PETER RESSLER
RICHARD SYKES
MALCOM HUA
FATHER LORENZO ZORZIA

Full name(s) of Plaintiff(s)
(Do not use *et al.*)

Case No. 3:19cv1376(KAD)
(To be supplied by the Court)

v.

Jeff Miller
Allen Bernheimer
Evan Bassett
Marshall Woods
Cushman & Wakefield
Brenner, Saltzman & Wall-man LLP
HOWARD KLIENE
BRADLEY M SMOLKIN
VINCENZO LO RICCO
GARY M RICCHITELLI
DAVID BILLER
PHILIP MILLER
HAMDEN HALL
JHON IZZO
CITY LINE DISTRIBUTERS
ROBERT BERKWITZ
ANTONIO PECORA
ANTHONY MONACO
CURTIS STAUT

Full names of Defendant(s)
(Do not use *et al.*)

## A. PARTIES

1. Anthony Villano (Plaintiff) is a citizen of USA (State) who presently resides at 522 Derby Milford Rd., Orange, CT 06477 (mailing address).

2. Defendant Jeff Miller (name of first defendant) is a citizen of CT (State) whose address is 375 Bridgport AVE Shelton CT 06480.

3. Defendant Allen M. Bernheimer is a citizen of USA
(name of second defendant) (State)

whose address is 25 Wanning Pound Reidge NY 10576.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's identity and complete address.)

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to: (list statute(s))

CT Invitation as Plaintiffs I-R-S I-C-E
F-B-I S-S-A- F-D-I-C

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

1. Identity theft.
2. Unlawful lock out of multiple companies;
3. Unjust enrichment.
4. False arrests.
5. Insurance fraud
6. Bank fraud security.
7. Elderly abuse.
8. Unfair trade practice.
9. Filling out false police records.
10. Breach of local state federal and international contracts.
11. Mail fraud and wire fraud.
12. Attempted Murder
13. False Imprisonment
14. Held Hostage
15. Criminal Medical Malpractice
16. Judicial Criminal Malpractice

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** Violations of my rights under

I, II, IV, V & VI Amendment In Civil Criminal Bankruptcy & International

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

SEE ATTACHED
Compensation
To EACH Case Decision
EITHER Volunteering
CH 7 OR 11 - OR Involuntary
Please Let US no your
Decision This Has no
Barring on Criminal
Case's To Be Tried

**Claim II:**

Supporting Facts: Thank you A.V.

## E. REQUEST FOR RELIEF

WHEREFORE, plaintiff demands: (state the relief you seek)

1. Release of all properties whether personal or corporate under appropriate receiver;
2. Set up depositions for each case appropriate criminal or civil subpoenas are good 60 da
3. Villano & Gallo are representing all victims, vendors, creditors, debtors, trusts extra;
4. All correspondence to be done through both hard copies and electronic with handlers to be determined places and time.
5. All persons involved and companies can file proof of claims with appropriate entities whether in Court or outside of Courts, look at schedules, by US Mail, US Marshals, State Marshals, registered mail, or any authority, hand delivered or pick up with credentials.

## F. JURY DEMAND

Do you wish to have a jury trial? Yes ~~No~~

Original signature of attorney (if any)

**Plaintiff's Original Signature**

Printed Name

Printed Name
Anthony Villano
522 Dewby Milford Rd
Orange ct 06477
203-530-3814

( )
Attorney's full address and telephone

( )
Plaintiff's full address and telephone

Email address if available

Email address if available

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Bridgeport (location) on 9/5/19 (date).

**Plaintiff's Original Signature**

(Rev.3/29/16)

To Whom It May Concern:

Re: Anthony Villano
Hardship Letter

Dear Sir or Madam:

The purpose of this letter is to explain that I am in the midst of extreme financial hardship for reasons other than of my own doing. For many years, I relied on the advice and counsel of former attorney Peter Ressler ("Ressler"). A couple of years ago, Ressler voluntarily and permanently surrendered his license to practice law. It was later revealed that Ressler had been for many years stealing his clients' funds and using them for his own benefit. Ressler was convicted criminally of stealing his former clients' funds. He also was and is the subject of an involuntary Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Connecticut.

It appears that Ressler misappropriated not less than $1,325,000.00 of my funds. I was and am the victim of forgery, theft and identity theft. For this reason, among others, I have been forced to file bankruptcy. I currently am a debtor in a Chapter 13 bankruptcy case in the Connecticut Bankruptcy Court.

Despite these hardships, my intention is to satisfy each and every one of my financial obligations in full.

I hope this letter explains to some degree the hardship that I am currently experiencing. If more information is needed, please do not hesitate to contact me.

Very truly yours,

Anthony Villano

C

Re: The Ciao Trust/The SRRC Limited Partnership/Anthony Villano

Dear Sir/Madam:

I am the Settlor of The Ciao Trust (the "Trust"), and a Partner in The SRRC Limited Partnership (SRRC"). I, together with the Trust and SRRC for purposes of this correspondence only, the "Parties"). I (along with other entities in which the Parties are involved, including Curtis Stout, Inc. Terra Pacific Global, LLC and KMW GigTera, in their capacity as vendors) have certain economic and non-ecomomic claims against you (and, as applicable, to the extent they are engaged in your business entities, possibly members of your family) that include, but may not be limited to, breach of contract (e.g., defaulting under certain promissory notes), unjust enrichment, unfair trade practices, fraud, conspiracy, negligence, civil theft, arson, unlawful lockout and possibly the claims asserted in the enclosed arising from and relating to the proceedings and/or your involvement with the agencies or authorities referenced therein.

If you have received this letter in error, or dispute that you and/or the entities in which you have an ownership or economic interest owe the Parties any amounts, or that you are not liable to the Parties in any manner, please so advise me within three (3) business days following receipt of this letter. If I do not receive any timely communication from you, I will assume that the claims against you are valid and will proceed accordingly, including by commencing any appropriate actions in bankruptcy court (as applicable), district court and state court (and possibly foreign courts, to the extent applicable).

Very truly yours,

Anthony Villano

C

Re: The Ciao Trust/The SRRC Limited Partnership/Anthony Villano

Dear Sir/Madam:

I, individually, as Settlor of The Ciao Trust (the "Trust"), and as partner in the SRRC Limited Partnership ("SRRC") ("Villano" and together with the Trust and SRRC for purposes of this correspondence only, the "Parties"), write this letter in connection with certain business and personal matters. The purpose of this letter is to inform you that I have prepared the enclosed correspondence for delivery to certain individuals and entities against whom I and the Parties may have civil claims, in order to place them on notice of such claims and to request that they respond to same.

Certain recipients of this correspondence (including some of the individuals and entities set forth in the enclosure may wrongly) construe it as harassment. Please be advised that such correspondence is in no way intended as harassment or as a threat. In the event you receive any complaints or communications from anyone relating to this matter, please contact me.

I appreciate your attention to this matter.

Very truly yours,

Anthony Villano

A

(1) Jeff Miller, Mike Dillon, Allen Bernheimer with its attorneys violated Local, State, Federal & International contracts Trusts' Banks, Whistle Blower, Loans, Social Security disability, leases, filing false police reports local state national & international against me my trustees & over 100 companies stated with some attachments I provided in Local State Federal & International Courts also have pictures, texts, e-mails, documents videos of companies, people testimony of individuals both U.S.& abroad affected by their intentional negligence. I have spent my & my family's life savings to get to the truth plus I beg this Court to investigate all allegations I have made which numerous cases are opened in state courts, Federal courts, Bankruptcy courts. I provided some documents. It started with Peter Ressler Case that no one is doing anything about it for my family & other victim's like Ciao Trust which it was in his & other attorneys possession.

Case No. 16-31062
Case No. Fed - 3:17CR123AVC
Insurance Comp Ressler P-L-P
Continental Casualty Co. CNA=P.N. 287070096

He Peter & other attorneys professionals stole money from these trusts. I have proof of where the moneys went with police reports FBI IRS Security E they forged trustee signatures on documents, checks opened, credit lines, bank accounts under family, friends, in-laws. That's why I personally filed some law suits in different courts. I'm not an attorney, just an immigrant from Italy legally. I worked all my life since 12 years of age till Peter Ressler & others stole everything from me, my family trust, partners were victims. They are treating all of us like criminals with just heresay, no documents. Please I & family beg this Court to open also a criminal investigation Federal. Too many institutions are involved. Only the United States Government with the Court's permission, these crimes can be brough to justice.

Thank you. By the way I only have high school education. Sorry about spelling.

**Anthony Villano**
522 Derby Milford Road
Orange, CT 06477

U.S. District Court

District of Connecticut

## Notice of Electronic Filing

The following transaction was entered on 8/14/2019 at 4:28 PM EDT and filed on 8/14/2019

**Case Name:** Villano v. State of Connecticut Judicial Department et al
**Case Number:** 3:19-cv-00695-KAD
**Filer:**
**Document Number:** 25(No document attached)

**Docket Text:**
**ORDER. Plaintiff Anthony Villano filed 206 pages of seemingly random materials under a document captioned simply "Attachments to case file" - ECF No. [24] - a filing not contemplated by the Federal Rules of Civil Procedure.**

**A review of the pages reveals, among other things, personal medical information of a person not party to this action; financial account statements of a person not a party to this action; Plaintiff's account information with various entities; advertisements, business cards; pleadings from unrelated proceedings; handwritten notes; a colorful drawing; articles of an unknown subject matter because they are written in Italian and appear to be from an Italian publication; and seeming attorney-client privileged materials. It is manifest that the pages have no bearing on the present litigation. Plaintiff attached similar (and perhaps overlapping) materials to the Third Amended Complaint, which the Court struck sua sponte.**

**Accordingly, until further order of the Court, the Plaintiff shall not file any pleadings that include any attachments unless he has prior leave of court to do so. In any motion for permission to file attachments to his pleadings, Plaintiff shall include a detailed description of the proposed attachment and a statement as to how the attachment is both relevant and necessary to the Court's determination of the issues in the case. *See Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").**

**The Clerk is directed not to accept any pleading that includes attachments unless this Court has issued an order approving the filing.**

**In addition, pursuant to Local Rule 5, the Court sua sponte orders the submission sealed. The pages include sensitive and protected personal medical and financial information, of not only the Plaintiff but of a third person who is not a party to this litigation. The Court finds that the public's interest in accessing the materials is de minimus given their extremely tangential (if any) connection to the litigation and such interest is outweighed by the privacy concerns of those whose personal information is disclosed in the records.**

**So Ordered.**

**Signed by Judge Kari A. Dooley on 8/14/2019. (Grossfeld, Eric)**

**3:19-cv-00695-KAD Notice has been electronically mailed to:**

Philip Miller phil.miller@ct.gov

**U.S. District Court**

**District of Connecticut**

## Notice of Electronic Filing

The following transaction was entered on 3/25/2019 at 9:46 AM EDT and filed on 3/25/2019
**Case Name:** Villano v. Green et al
**Case Number:** 3:19-cv-00097-KAD
**Filer:**
**Document Number:** 19(No document attached)

**Docket Text:**
**Order on Pretrial Deadlines: The Court has reviewed the Parties' Rule 26(f) Report. It is Approved, Adopted, and So Ordered.**

**Pursuant to Local Rule 16(b), the Court orders as follows: The Plaintiff shall move to amend the pleadings or move to join additional parties by 3/19/2019. The Defendants shall move to join additional parties by 4/30/2019. Discovery shall be completed by 2/15/2020. Dispositive motions, if any (see Local Rule 56(c)), shall be filed by 3/15/2020. The Joint Trial Memorandum shall be filed by 4/15/2020, unless dispositive motions are filed, in which case it shall be filed within 30 days of the Court's ruling thereon.**

**A telephonic status conference is scheduled for 2/24/2020 at 2:00 p.m. Signed by Judge Kari A. Dooley on 3/25/2019.(Beyerlein, Alexis)**

**3:19-cv-00097-KAD Notice has been electronically mailed to:**

James Newhall Tallberg jtallberg@kt-lawfirm.com, aoliveira@kt-lawfirm.com

John Wade Cannavino, Jr jwcannavino@ryandelucalaw.com, jchittick@ryandelucalaw.com

Andrew James Glass aglass@kt-lawfirm.com, aoliveira@kt-lawfirm.com, kbertrand@kt-lawfirm.com

**3:19-cv-00097-KAD Notice has been delivered by other means to:**

Anthony G. Villano
522 Derby Milford Rd.
Orange, CT 06477

**U.S. District Court**

**District of Connecticut**

## Notice of Electronic Filing

The following transaction was entered on 3/25/2019 at 9:51 AM EDT and filed on 3/25/2019

**Case Name:** Villano v. Green et al
**Case Number:** 3:19-cv-00097-KAD
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Set Deadlines/Hearings: Amended Pleadings due by 3/19/2019. Discovery due by 2/15/2020. Dispositive Motions due by 3/15/2020. Joint Trial Memorandum due by 4/15/2020. Telephonic Status Conference set for 2/24/2020 at 2:00 p.m. before Judge Kari A. Dooley. (Beyerlein, Alexis)**

**3:19-cv-00097-KAD Notice has been electronically mailed to:**

James Newhall Tallberg jtallberg@kt-lawfirm.com, aoliveira@kt-lawfirm.com

John Wade Cannavino, Jr jwcannavino@ryandelucalaw.com, jchittick@ryandelucalaw.com

Andrew James Glass aglass@kt-lawfirm.com, aoliveira@kt-lawfirm.com, kbertrand@kt-lawfirm.com

**3:19-cv-00097-KAD Notice has been delivered by other means to:**

Anthony G. Villano
522 Derby Milford Rd.
Orange, CT 06477

**U.S. District Court**

**District of Connecticut**

## Notice of Electronic Filing

The following transaction was entered on 3/25/2019 at 9:52 AM EDT and filed on 3/25/2019
**Case Name:** Villano v. Green et al
**Case Number:** 3:19-cv-00097-KAD
**Filer:**
**Document Number:** 20(No document attached)

**Docket Text:**
**NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.**
**Telephonic Status Conference set for 2/24/2020 at 2:00 PM before Judge Kari A. Dooley. Telephonic Conference Line: 888-278-0296; Access Code: 80-77-899. (Beyerlein, Alexis)**

**3:19-cv-00097-KAD Notice has been electronically mailed to:**

James Newhall Tallberg jtallberg@kt-lawfirm.com, aoliveira@kt-lawfirm.com

John Wade Cannavino, Jr jwcannavino@ryandelucalaw.com, jchittick@ryandelucalaw.com

Andrew James Glass aglass@kt-lawfirm.com, aoliveira@kt-lawfirm.com, kbertrand@kt-lawfirm.com

**3:19-cv-00097-KAD Notice has been delivered by other means to:**

Anthony G. Villano
522 Derby Milford Rd.
Orange, CT 06477

Case 3:19-cv-00695-KAD Document 21 Filed 08/02/19 Page 1 of 12

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY VILLANO. *Plaintiff* | : | CIVIL ACTION NO. 3:19-cv-00695(KAD) |
| v. | : | |
| STATE OF CONNECTICUT, JUDICIAL DEPARTMENT, ET AL. *Defendants* | : | AUGUST 2, 2019 |

**STATE DEFENDANTS' MOTION TO STRIKE SECOND AMENDED COMPLAINT**

On July 16, 2019, Plaintiff filed what he captioned as a "Second Amended Complaint" (hereinafter the "Proposed Complaint"). *See* Docket #17. The Proposed Complaint seeks to add 37 additional defendants including the Judge overseeing some of Plaintiff's ongoing criminal matters, the Honorable Peter L. Brown, the Supervisory Assistant State's Attorney prosecuting some of Plaintiff's criminal matters, SASA Howard Stein,[1] and the a bail officer, Tiffany Dennis (the "Bail Officer"). The Proposed Complaint only refers to three of the additional 37 defendants. It claims that on July 1, 2019, Judge Brown ordered Plaintiff to be placed on house arrest and to wear an ankle monitor. It further alleges that the Bail Officer placed the ankle monitor on Plaintiff, thereby restricting his activities. The Proposed Complaint also alleges that SASA Stein has a personal vendetta against Plaintiff and the actions that SASA Stein has taken in various criminal matters reflects this.

The State of Connecticut, Judicial Department and the Connecticut Division of Public Defender Services (collectively, the "State Defendants"), hereby move to strike Docket #17 on several grounds. First, the Proposed Complaint should be treated as a supplemental complaint

---

[1] The Proposed Complaint names "Howard Kleine" as the prosecutor.

because all of the events described therein occurred after the filing of the Amended Complaint. Rule 15(d) of the Federal Rules of Civil Procedure requires Plaintiff to first get the Court's permission before filing a supplemental complaint. Because Plaintiff has not done this, the Proposed Complaint should be stricken on that ground alone.

Should the Court construe the Proposed Complaint as a further attempt to amend the Amended Complaint, the Court nonetheless should strike it because under Rule 15(a), Plaintiff was required to get either Defendants' consent or leave of the Court to file this amendment. Plaintiff did not do this.

However, even if Plaintiff had sought the Court's permission, either under Rule 15(a)(2) or Rule 15(d), the Court should not grant leave to supplement/amend because the Proposed Complaint could not withstand a motion to dismiss. The Proposed Complaint suffers from the same defects as the Amended Complaint, which are addressed in the State Defendants' Motion to Dismiss Amended Complaint. In addition, any claims against Judge Brown, SASA Stein and the Bail Officer in their official capacity would be barred by the Eleventh Amendment and by absolute immunity in their individual capacity.

## I. THE PROPOSED COMPLAINT SHOULD BE STRIKEN BECAUSE PLAINTIFF HAS NOT RECEIVED PERMISSION OF THE COURT TO FILE IT

Regardless of whether the Court construes the Proposed Complaint as a further amendment to the Amended Complaint or a supplemental complaint, it should be stricken because Plaintiff has not received permission to file it.

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or *the court's leave*. The court should freely give leave when justice so requires."

Fed. R. Civ. P. 15(a)(2) (emphasis added).[2] Rule 15(d) of the Federal Rules of Civil Procedure provides that "*[o]n motion* and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." (Emphasis added). Both rules require a court's permission prior to filing a second amended complaint or a supplemental complaint. Plaintiff has not obtained such permission. Therefore, the Court should strike the Proposed Complaint.

## II. THE COURT SHOULD STRIKE THE PROPSED COMPLAINT AS FUTILE

Regardless of whether the Court construes Plaintiff's filing as a request to file a second amended complaint or a supplement, the Court deny such leave because that pleading would be futile. Rule 15(a)(2) provides that a "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). Although this is a lenient standard, nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* "Amendment is futile when the proposed amended complaint could not withstand a motion to dismiss, such as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6). This would include claims barred by an absolute immunity defense. *See Dilacio v. N.Y.C. Dist. Council of the United Bhd. of Carpenters & Joiners of Am.*, 593 F.Supp.2d 571, 578 (S.D.N.Y. 2008) (denying leave to amend as futile because the defendant was absolutely immune from suit). The Second Circuit has applied the

---

[2] Rule 15(a)(1) is not applicable because Plaintiff already has amended his pleading once. *See* Docket # 10.

same futility test to proposed supplements. *See Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

The State Defendants have moved to dismiss the Amended Complaint on numerous grounds including the Eleventh Amendment, the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine and for failure to state a claim. All of those grounds would apply to the Proposed Complaint.

With respect to new allegations, the Proposed Complaint challenges Judge Brown's order for "house imprisonment" and the actions taken by the Bail Officer in enforcing that order, which included fitting Plaintiff with an ankle monitor. It also claims that SASA Stein has a "personal vendetta" against Plaintiff and is prosecuting him due to that. As additional relief, the Proposed Complaint seeks an order vacating the house imprisonment and $50,000,000,000.

With respect to the order for house imprisonment, any challenge to that action is barred pursuant to the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine for the same reasons that the State Defendants' set forth in their Memorandum in Support of Motion to Dismiss Amended Complaint (the "Memorandum"), which they hereby respectfully incorporate into this Motion. To the extent Plaintiff is seeking $50 billion from Judge Brown, SASA Stein or the Bail Officer in their official capacity, that relief would be barred by the Eleventh Amendment.

As was explained in the Memorandum, the Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "'Although the text of the Amendment would appear to restrict only the Article III diversity jurisdiction of the federal

courts,' it has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal courts." *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) (quoting *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). In other words, "[t[he *Eleventh Amendment* effectively places suits by private parties against states outside the ambit of Article III of the Constitution." *Id.* This immunity from suit applies regardless of whether the named defendant is the State itself, or one of its officials. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [which] is not different from a suit against the State itself."). As Justice Marshall remarked in *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (quoting *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)).

The Eleventh Amendment bars suit "regardless of the nature of the relief sought." *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), with the sole exception that the Eleventh Amendment does not prohibit a § 1983 action for *prospective* injunctive relief against state officials who are alleged to have violated federal law. *Huminski v. Corsones,* 386 F.3d 116, 133 (2d Cir. 2004); *Tuchman v. Connecticut*, 185 F. Supp. 2d 169, 172 (D. Conn. 2002) ("The Eleventh Amendment, accordingly, bars claims against the state, state agencies, and state officers in their official capacity—except to the extent the plaintiff seeks prospective injunctive relief from the state officer.") (citing *Edelman v. Jordan*, 415 U.S. 651, 677 (1974)). In this case, therefore, Plaintiff's new claim for $50 billion, to the extent that request is directed at Judge Brown, SASA Stein or the Bail Officer in their official capacity would be barred by the Eleventh Amendment.

To the extent that Plaintiff seeks money damages in their individual capacity, the doctrine of absolute immunity would bar it. "It is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against §1983 actions, and this immunity acts as a complete shield to claims for money damages," *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999), which "is not pierced by allegations of bad faith or malice . . . even though 'unfairness and injustice to a litigant may result on occasion. . . ." *Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997) (citations omitted); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The policy reason underlying such immunity is that if judges were faced with the prospect of having to defend their actions in lawsuits brought by losing litigants every time they made decisions, the independent judgment and principled decision-making that is required of their positions would be lost. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). Thus, even accusations of recklessness, willfulness or maliciousness are insufficient to overcome the bar of absolute judicial immunity. "[T]he scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge." *Stump*, 435 U.S. at 356.

When determining whether judicial immunity applies to a questioned act, this Court has outlined a two-part test. "First, a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction. . . . Second, a judge is immune only for actions performed in his judicial capacity." *Outwater*, 118 F.3d at 933 (citations omitted, internal quotation marks omitted) (emphasis in original).

As to the first part of the test, the Second Circuit has explained that "a judge who possesses subject matter jurisdiction is not within the 'clear absence of all jurisdiction' posture which would deprive him of the use of the defense of judicial immunity." *Green v. Maraio*, 722 F.2d 1013, 1017 (2d Cir. 1983). In other words, "the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump*, 435 U.S. at 356; *Gross v. Rell,* 585 F.3d 72, 84 (2d Cir. 2009) ("[A] court acts in the absence of all jurisdiction when it does not have any 'statutory or constitutional power to adjudicate the case.'" (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

With respect to the second part of the test, "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "[T]he Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

Applying these principles here, Judge Brown and the Bail Officer plainly are entitled to judicial immunity. First, there is no allegation that Judge Brown, as a judge of the Superior Court, did not have subject matter jurisdiction to preside over criminal matters, nor could there be. *See State v. Carey*, 222 Conn. 299, 305 (1992) ("The Superior Court hearing a criminal matter acquires subject matter jurisdiction from its authority as a constitutional court of unlimited jurisdiction.") (internal quotation marks omitted). With respect to the second prong, an order placing a criminal defendant on "house arrest" and having him wear a GPS monitor plainly is a judicial act. *See, e.g., State v. Ralph B.*, 162 Conn. App. 583, 587 (2016) (noting that

"defendant was not incarcerated; he was on house arrest with a global positioning system (GPS) monitor, which a probation officer monitored.").

With respect to the Bail Officer, the Proposed Complaint alleges that after the Judge Brown ordered Plaintiff to be placed on house arrest, Plaintiff "was made to go to the Bail Services and met with Tiffany Dennis who was the person who had an ankle monitor placed on me, and who has restricted my activities." Thus, the Proposed Complaint alleges that the Bail Officer is merely carrying out judicial acts on behalf of Judge Brown. Therefore, she is be cloaked with the same immunity as Judge Brown. *See, e.g.*, *Rodriguez v. Weprin*, 116 F.3d 62, 67 (2d Cir. 1997) ("'[W]hen functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, .. . . that officer's immunity is also available to the subordinate.'") (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir.1992)).

Absolute immunity also would protect SASA Stein from suit. The doctrine of absolute immunity has been extended to both governmental attorneys and agency officials who perform "duties 'closely associated with the judicial process.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). The purpose of this is to give "public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities," *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987), so that they will not be "constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976).

"Whether non-judicial officers merit quasi-judicial absolute immunity depends upon 'the functional comparability of their judgments to those of the judge.'" *Young*, 41 F.3d at 51 (quoting *Imbler*, 424 U.S. at 423 n.20). Put another way, to determine whether a government attorney is entitled to absolute immunity, the Supreme Court applies a "functional approach,"

*see, e.g., Burns v. Reed*, 500 U.S. 478, 486 (1991), looking at "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004). Pursuant to this approach, the Supreme Court and the Second Circuit have held that "'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' . . . 'is immune from a civil suit for damages under § 1983.'" *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler*, 424 U.S. at 410, 431). Under this standard, "[a] prosecutor engaging in 'prosecutorial activities intimately associated with the judicial phase of the criminal process' loses 'the absolute immunity he would otherwise enjoy' *only if he 'acts without any colorable claim of authority*.'" *Shmueli*, 424 F.3d at 237 (quoting *Barr*, 810 F.2d at 361) (emphasis added). Put another way, "unless a prosecutor proceeds in the *clear absence of all jurisdiction*, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Barr*, 810 F.2d at 361 (emphasis added).

In order to determine whether a prosecutorial act is afforded absolute immunity, "[t]he appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority." *Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) (emphasis in original). "In considering whether a given prosecution was clearly beyond the scope of that jurisdiction, or whether instead there was at least a colorable claim of authority . . . we inquire whether the pertinent statutes may have authorized prosecution for the charged conduct . . . ." *Shmueli*, 424 F.3d at 237 (citations omitted). *Anilao v. Spota*, 774 F. Supp. 2d 457, 487 (E.D.N.Y. 2011) ("[T]he question is whether the statutes at issue, *if properly charged,* would authorize the prosecutor to initiate a criminal case.") (emphasis in original) (citing *Barr*, 810 F.2d at 362).

Pursuant to the test, SASA Stein is immune from suit over his prosecution of Plaintiff. The Proposed Complaint does not allege that SASA Stein lacked the legal authority to pursue the pending criminal charges against Plaintiff. As long as a prosecutor has the authority to bring the charges at issue, absolute immunity will bar any claim against the prosecutor. *See Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) ("Once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive."). Therefore, SASA Stein is entitled to absolute immunity for all claims arising out of the Plaintiff's prosecution.

WHEREFORE, the State Defendants respectfully request the Court strike the Proposed Complaint.

DEFENDANTS
STATE OF CONNECTICUT JUDICIAL DEPARTMENT and CONNECTICUT DIVISION OF PUBLIC DEFENDER SERVICES

WILLIAM TONG
ATTORNEY GENERAL

BY: /s/ *Philip Miller*
Philip Miller
Assistant Attorney General
Federal Bar No. ct26056
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Phil.miller@ct.gov

**CERTIFICATION**

I hereby certify that on August 2, 2019, a copy of the foregoing appearance was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy also has been sent, first class postage prepaid to:

Anthony Villano
522 Derby Milford Road
Orange, CT 06477

*/s/ Philip Miller*
Philip Miller
Assistant Attorney General
Federal Bar No. ct25056
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Phil.miller@ct.gov

UNITED STATES DISTRICT COURT

FOR THE

STATE OF CONNECTICUT

Anthony Fillano DBA
Villano & Gallo International Trust
Captain's Way ; Settlor of Ciao Trust
v. CIVIL ACTION NO.
Woodgreen Shelton LLC, et al

FACTS TO ~~ADD~~ THE DEFENDANTS

1. I, Anthony Villano, am the plaintiff in this case.

2. One of the defendants is Woodgreen Shelton, LLC.

3. I am the managing member of an LLC called Captain's Way LLC and am the settlor of a trust entitled Ciao Trust.

4. In 2018 the Ciao Trust entered into a lease with Woodgreen Shelton, LLC.

5. The Ciao Trust assigned the lease to Captain's Way LLC.

6. The landlord knew of the assignment and did not object.

7. The lease was for approximately 10,300 square feet on the second floor of property at 375 Bridgeport Avenue, Shelton, CT.

8. After the lease was signed, the landlord agreed to include in the lease about 3,000 square feet on the third floor of 375 Bridgeport Avenue, Shelton, CT, and had discussed with the landlord the building of a stairway between the space on the third floor and the second floor so that access betweenthe two floors could be direct access.

9. In the Fall of 2018 the landlord sued me, Captain's Way LLC, and anybody connected with me including Proper Delagates of my business partners, to keep me out of the building at 375 Bridgeport Avenue, Shelton, CT, Case Number AAN-CV18-6031200-S, Superior Court Housing, Judicial District Ansonia-Milford CT. AAN-CV-19-6033177-S

10. At the time the landlord did this, all my files and personal property of multiple individual companies including The Roman Vatican Bank were on the second and third floors of 375 Bridgeport Avenue, Shelton, CT.

11. I have not been able to do business as Captain's Way, LLC, because all my files are in the building.

12. I ask this Court to allow me to go back to 375 Bridgeport Avenue, Shelton, CT, to secure and inspect my documents and so that I can again occupy it and do business from there.

PLAINTIFF

______________________________
Anthony Villano

I sent copies to all defendants.

______________________________
Anthony Villano

Dated:______________________________

COUNT SIX:

19. The defendant denies the allegations in Paragraph 19.

20. The defendant denies the allegations in Paragraph 20.

21. The defendant admits the allegations in Paragraph 21, as to service. Defendant denies the balance of Paragraph 21.

22. The defendant admits the allegations in Paragraph 22.

COUNTER-CLAIM

1. I, Anthony Villano, am the Settlor of the Ciao Trust.

2. As Settlor, I entered into negotiations with Jeff Miller, who represented Woodgreen Shelton, LLC.

3. The Trust entered into an agreement with Woodgreen Shelton, LLC to lease space available on the second floor of 375 Bridgeport Avenue, Shelton, CT.

4. Since the start date of the Lease, I have documented all of my actions by pictures and videos.

5. I then created Captain's Way, LLC, am a member, and as Settlor transferred the lease to Captain's Way, with the permission of Woodgreen Shelton.

6. Woodgreen Shelton was to fund the build-out of the second floor.

7. Demolition started and in the course of demolition mold was discovered.

8. Demolition stopped to determine what kind of mold was present.

9. Woodgreen Shelton removed the mold and the demolition finished.

10. I do not know whether Woodgreen Shelton learned whether other tenants in the building were affected by the mold.

11. During the demolition, Woodgreen Shelton agreed to rent to Captain's Way the vacant office space on the 3rd floor.

12. Woodgreen Shelton even agreed to cut an opening through the ceiling/ floor between the space on the second floor and the third floor and build a stairway connecting the two floors.

13. Although work was scheduled, Woodgreen stopped funding the build-out even though Captain's Way had obtained tenants to occupy the completed space.

14. Even though I requested that Woodgreen Shelton continue with the project, it refuses.

15. Material was brought to the job site to begin construction but was not delivered as Woodgreen Shelton refused to pay for it even though it promised to pay for the build-out.

16. The build-out is not complete.

17. When Captain's Way tried to get permits from the Town of Shelton to complete the build-out, it could not get them because Woodgreen Shelton requested the Town not to give them to Captain's Way.

18. As a result, Ciao Trust and Captain's Way, LLC has lost tenants.

19. Captain's Way also entered into agreements with its vendors, who were to occupy the 2nd floor space, that it could not fulfill, causing damages to those vendors and to Captain's Way in the billions.

20. Woodgreen Shelton has interfered with Captain's Way contracts and business, to Captain's Way's detriment.

21. At the time the landlord did this, all my files and personal property of multiple individual companies including The Roman Vatican Bank were on the second and third floors of 375 Bridgeport Avenue, Shelton, CT.

22. I have not been able to do business as Captain's Way, LLC, because all my files are in the building.

23. Woodgreen Shelton has interfered with Captain's Way's contracts and business, to Captain's Way's detriment.

24. I, Ciao Trust, and Captain's Way claim damages.

Anthony Villano, individually,
as Settlor of Ciao Trust, and
as Member of Captain's Way.

I hereby certify that a copy of the foregoing was mailed on May 8, 2019, to:

Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511

Anthony Villano

NO. AAN-CV19-6033177-S

WOODGREEN SHELTON, LLC

V.

CIAO TRUST, ET AL

SUPERIOR COURT

HOUSING SESSION

JUDICIAL DISTRICT OF ANSONIA-MILFORD AT MILFORD

MAY 8, 2019

COUNT ONE:

ANSWER

1. The plaintiff must prove the allegations in Paragraph 1.

2. The plaintiff must prove the allegations in Paragraph 2.

3. The defendant admits the allegations in Paragraph 3.

4. The defendant admits the allegations in Paragraph 4.

5. The defendant admits the allegations in Paragraph 5, but primary residence is in the State of Florida, but also has a residence in Orange as well as Italy.

6. The defendant admits the allegations in Paragraph 6.

7. The defendant admits the allegations in Paragraph 7.

8. The defendant admits the allegations in Paragraph 8.

9. The plaintiff must prove the allegations in Paragraph 9.

10. The defendant denies the allegations in Paragraph 10.

11. The defendant admits that the Ciao Trust exists.

12. The plaintiff must prove the allegations in Paragraph 12.

13. The plaintiff must prove the allegations in Paragraph 13.

14. The defendant admits the allegations in Paragraph 14.

15. The defendant denies the allegations in Paragraph 15.

16. The defendant admits the allegations in Paragraph 16.

17. The defendant denies the allegations in Paragraph 17.

18. The defendant denies the allegations in Paragraph 18.

19. The defendant admits the allegations in Paragraph 19.

20. The defendant admits the allegations in Paragraph 20.

21. The defendant denies the allegations in Paragraph 21.

22. The defendant denies the allegations in Paragraph 22.

23. The plaintiff must prove the allegations in Paragraph 23.

24. The plaintiff must prove the allegations in Paragraph 24.

25. The defendant denies the allegations in Paragraph 25.

26. The defendant denies the allegations in Paragraph 26.

COUNT TWO:

13. The defendant denies the allegations in Paragraph 13.

14. The defendant denies the allegations in Paragraph 14.

15. The defendant denies the allegations in Paragraph 15.

16. The defendant denies the allegations in Paragraph 16.

17. The defendant admits the allegations in Paragraph 17, as to service. The defendant denies the balance of Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

COUNT THREE:

13. The defendant admits the allegations in Paragraph 13.

14. The defendant admits the allegations in Paragraph 14.

15. The defendant admits the allegations in Paragraph 15.

16. The defendant denies the allegations in Paragraph 16.

17. The defendant denies the allegations in Paragraph 17.

18. The defendant denies the allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19 as to service of Notice to Quit. Defendant denies the balance of Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

COUNT FOUR:

13. The plaintiff must prove the allegations in Paragraph 13.

14. The defendant denies the allegation of Paragraph 14.

15. The defendant denies the allegations of Paragraph 15.

16. The defendant denies the allegations of Paragraph 16.

17. The plaintiff must prove the allegations in Paragraph 17.

18. The defendant denies the allegations in Paragraph 18.

19. The defendant denies the allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

COUNT FIVE:

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21, as to service. Defendant denies the balance of Paragraph 21.

22. The defendant admits the allegations in Paragraph 22.

DOCKET NO. HHD CV17-6077245-S

SUPERIOR COURT

ANTONIO VILLANO aka
ANTHONY VILLANO

JUDICIAL DIST. HARTFORD

V.

AT HARTFORD

LAW OFFICES OF RONALD I. CHORCHES,
LLC, ET AL

JUNE 3, 2019

MOTION FOR COSTS

1. I am the plaintiff in this case.

2. My deposition was noticed by defendant's attorney for Wednesday May 30, 2019 at the Bridgeport Superior Courthouse.

3. I was required to bring all the itmes requested on Schedule A that I am attaching with this motion.

4. The items requested were in 21 boxes. I had to hire movers and a marshal to bring the items to the Courthouse for me.

5. When I told the defendant's attorney the amount of boxes I brought, I asked if he wanted to copy the material at his office, but he said no.

6. He also told me that he was not going to go through the material I brought.

7. It cost me money for the movers, money for the marshal I hired, and is now costing storage charges. The cost for the mover, the cost for the marshal and the cost for the storage is attached to this motion on the invoices given to me.

8. I ask that this court enter an order of costs against the defendant to make him pay for the expenses I have incurred.

PLAINTIFF

Anthony Villano

ORDER

Plaintiff's motion is ordered:

BY THE COURT

CERTIFICATION

I sent a copy of this motion on June 3, 2019 to Attorney Bradley M. Smolkin, Morrison Mahoney LLP, One Constitution Plaza, 10th Floor, Hartford, CT 06103-1810.

Anthony Villano

## SCHEDULE A

1. Copies of all written communications, including without limitation, correspondence, electronic mail, faxed documents, telephone conference notes, and notes and/or memoranda of all meetings between the deponent and any of the individuals listed below, pertaining to actual or potential joint business ventures, including but not limited to restaurant businesses:

   A. Kathy Bradley

   B. Pasquale Pagliarulo

   C. Claudio San Francisco

   D. Gene Arganese

   E. Massimo Rosati

   F. Nick Jhilal

   G. Dean Morgan.

2. Copies of all written communications, including without limitation, correspondence, electronic mail, faxed documents, telephone conference notes, and notes and/or memoranda of all meetings and/or discussions between the deponent and any of the following individuals, pertaining to allegedly defamatory statements by Jasper Jaser of Prime Bank about deponent:

   A. Kathy Bradley

   B. Pasquale Pagliarulo

   C. Claudio San Francisco

   D. Gene Arganese

   E. Massimo Rosati

   F. Nick Jhilal



MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103-1810
860-616-4441• JURIS NO. 404459

G. Dean Morgan.

3. Copies of deponent's personal federal tax returns (with deponent's Social Security Number or tax identification number(s) redacted) for the most recent ten year period during which deponent was an owner, co-owner, or partner in a restaurant business.

4. Copies of all statements of profit and loss, and/or pro forma operating statements for each restaurant business of which deponent was an owner, co-owner, or partner from January 1, 2008 through December 31, 2018.

5. Copies of all leases of real property that was occupied by a restaurant business for the most recent ten year period during which deponent operated or otherwise participated in a restaurant business, whether as owner, co-owner, or partner.

6. All notes, correspondence, memoranda, digital and/or electronic files and records ("electronically stored information," e.g., e-mail), and/or other Documents that refer, reflect or relate to the subject matter and/or the litigation against Prime Bank, *et al.*, underlying your Complaint.

7. All notes, correspondence, memoranda, digital and/or electronic files and records (e.g., e-mail), and/or other Documents that refer, reflect or relate to communications regarding this lawsuit.

8. A copy of any non-privileged statements, as defined in the Practice Book concerning this action or its subject matter.

9. A complete copy of any pleadings, discovery, or transcript materials relating to or in connection with the case styled "Anthony Villano v. Prime Bank, et al.," Docket Number AAN CV14-6015653 S, Superior Court, Judicial District of Ansonia-Milford at Milford.

10. Complete copies of all documents that you intend to offer in evidence in support of the financial losses and/or other economic damages that you claim in this action.

11. All expert reports upon which you will rely at the trial of this case.

12. All bills for each item of expense that is claimed to have been incurred in the answers to interrogatories that you certified as true and accurate, and signed on December 7, 2017.



MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103-1810
860-616-4441• JURIS NO. 404459

13. Copies of all records regarding each communication and/or meeting with each of seven prospective business partners who you claim declined to do business with you because of defamatory statements and threats by Jasper Jaser, President of Prime Bank, including but not limited to documents created in advance and in anticipation of such meetings, notes taken during the meetings, and documents prepared as a result of such meetings.

14. Any and all documents pertaining in any way to the "lost business opportunities" you allegedly suffered as a result of the Defendant's conduct.

15. Any and all documents relating to the "business activities with a number of individuals" in which you have been "unable to engage," and the "lost significant business opportunities."

16. A copy of any medical or psychological treatment records reflecting any psychological, emotional, or physical injuries you allege were caused by the Defendants' conduct, or signed Authorizations for the release of all such records to Bradley M. Smolkin, Emily Holland, and/or the law firm of Morrison Mahoney LLP.

August 22, 2019

Tony,

Enclosed is the release you dropped off at my office yesterday.

You should sign this release in front of a notary public and then notify Samuel Gardner.

Also, in line with your telephone comments to me yesterday at 2:18 p.m. be advised that I am no longer the attorney for Ciao Trust.

Best wishes,

Ed

Ed

# GENERAL RELEASE

**KNOW ALL PERSONS BY THESE PRESENTS THAT, Anthony G. Villano and Captain's Way, LLC,** hereinafter collectively designated as the Releasors, for Four Thousand Two Hundred and Fifty Dollars ($4,250.00) and other good and lawful consideration, in hand paid by **Gregg Wies & Gardner Architects, LLC and Samuel E. Gardner,** hereinafter designated as the Releasees, the receipt and sufficiency thereof is hereby acknowledged, have unconditionally and irrevocably released, acquitted, and forever discharged, and by these presents do release, acquit and forever discharge the said Releasees of and from all actions, claims, suits, demands, causes of action, debts, liability, damages, costs, and expenses (including, but not limited to attorney's fees), whether in law or equity, whether known or unknown, that the Releasors have or may have had or may have in the future against the Releasees, based upon all claims or potential claims arising from or related to the project development, finder's fees, design and construction of a project at a facility owned by Woodgreen Shelton, Inc. a/k/a Woodgreen Management, Inc. (the "Owner") located at 375 Bridgeport Avenue, Shelton, Connecticut (the "Project").

The Releasors agree and acknowledge that the Releasees shall have no further obligations to perform any further services on the Releasors' behalf arising from or related to the Project. The Releasors further agree and acknowledge that the Releasees may, at their sole discretion, perform additional services for the Owner arising from or related to the Project without incurring any obligation to the Releasors.

This Release shall not be construed as an admission of liability on the part of the Releasees.

The Releasors agree and acknowledge that they not previously assigned any rights or claims arising from this incident and that they currently hold all potential rights for claims arising from or relating to the incident.

Wherever in this instrument any party shall be designated or referred to by name or general reference, such designation is intended to and shall have the same effect as if the words "heirs, executors, administrators, principals, members, officers, directors, agents, employees, insurance carriers, personal or legal representatives, successors and assigns" had been inserted after each and every such designation and all the terms, covenants and conditions herein contained shall be for and shall inure to the benefit of and shall bind the respective parties hereto, and their heirs, executors, administrators, agents, employees, personal or legal representatives, successors and assigns, respectively.

In all references herein to any parties, persons, entities or corporations the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

The Releasors agree to maintain complete confidentiality with respect to the terms of, and the circumstances leading up to, this Release. The Releasors agree that none of the aforementioned information pertaining to the Release shall be disclosed to a third party without the express written consent of the Releasees, other than what may be required either by law or by their accountant.

This Release contains the entire agreement between the Releasors and the Releasees. This Release may not be amended, and its terms are contractual and not a mere recital.

**IN WITNESS WHEREOF**, the said Releasors have signed and sealed this instrument this ____ day of August, 2019.

**ANTHONY G. VILLANO**

______________________________
By: Anthony G. Villano

STATE OF CONNECTICUT )
) at ________________
AT )

Personally appeared Anthony G. Villano, signer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.

In Witness Whereof I hereunto set my hand.

______________________________
Commissioner of the Superior Court
Notary Public/My Commission Expires:

**CAPTAIN'S WAY, LLC**

________________________________
By:
Its:
Duly Authorized

STATE OF CONNECTICUT )
) at __________________
AT )

Personally appeared as the _____________ and authorized representative of **Captain's Way, LLC**, and acknowledged that he/she executed the same for the purposes therein contained as his/her free act and deed as such officer and the free act and deed of said company.

In Witness Whereof I hereunto set my hand.

____________________________________
Commissioner of the Superior Court
Notary Public/My Commission Expires:

United state's
District Court
OF Connecticut

FILED
2019 AUG 13 P 12:42
US DISTRICT COURT
BRIDGEPORT CT

ATTACHMENT'S
TO File

CASE 3:19 C.V. 00695 KAD

AntHony Villano
522 DerBy MilFord Rd
ORANGE CT 06477
431-571-7090

Please Provide Me
WiTH A CertiFied
Copy OF Originals
THank you I no THere's A Fee

AntHony Villano
[signature] 8/13/19

Penny Clause on All
Contract's 32 Day's +1
[signature] Villano

I Hereby certify that the foregoing
is a true copy of the original document
on file. Date: 8/13/19
Roberta D. Tabora
Clerk
By [signature]
Deputy Clerk

C-C



Brian Logan

FILED

2019 JUL 22 A 10:48

US DISTRICT COURT
BRIDGEPORT CT

Anthony Villano

V

Howard Kliene

State of CT
Judicial Department

CS NO 3:19-CV-00695 Summons

K-A-D

Anthony BoBow
Securety Entall
EMBesy Towers
2625 Park AVE
Bridgeport CT

Peter Prizio
Charlotte Levin
Maria Apiza
Frank Alteri
Lawrenzo Zorzia

Matthew Ambrose
Bradley Smokin
Shane Wells
Keith Apiza

Christopher T
Green Wood

Anthony Villano

7/22/19 at 11AM

Ruth Jone's

Michael H Hyrb
Nick Jihalal
Theresa Ryan Damiano
Antonio Pecora
Claudio SanFracesco

Amy Jacobs

Anthony Monaco
Jhon Monaco

I Hereby certify that the foregoing is a true copy of the original document on file. Date: 7/22/19
Roberta D. Tabora
Clerk
By [signature]
Deputy Clerk

**Fill in this information to identify the case:**

Debtor 1 Anthony Villano

Debtor 2 (Spouse, if filing) ______

United States Bankruptcy Court for the: District of Connecticut

Case number 19-30217(AMN)

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Woodgreen Shelton LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Sean M. Fisher, Esq.
Name

271 Whitney Ave.
Number Street

New Haven CT 06511
City State ZIP Code

Contact phone 203-772-2600

Contact email sfisher@bswlaw.com

**Where should payments to the creditor be sent? (if different)**

AnTHony Villano
Name

522 Denby MilFord Rd
Number Street

ORANGE CT 06477
City State ZIP Code

Contact phone 203-530-3814

Contact email ______

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 1,000,000.00

Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See attached action; value of the claim is an estimate

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/22/2019
MM / DD / YYYY

/s/ Allan M. Bernheimer
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Allan M. Bernheimer
First name / Middle name / Last name

Title: Manager

Company: Woodgreen Shelton LLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 6515 Main Street, Suite 12
Number / Street

Trumbull CT 06611
City / State / ZIP Code

Contact phone: 203-772-2600

Email: sfisher@bswlaw.com

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_________ District of Connecticut

Case number (If known) 7 Chapter _

☒ Check if this is an amended filing

Official Form 105

# Involuntary Petition Against an Individual

12/15

**Use this form to begin a bankruptcy case against an individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against a Non-individual* (Official Form 205). Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write name and case number (if known).**

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

1. **Chapter of the Bankruptcy Code**

*Check one:*

☒ Chapter 7

☐ Chapter 11

## Part 2: Identify the Debtor

2. **Debtor's full name**

Allen
First name

M
Middle name

Bernheimer
Last name

_______
Suffix (Sr., Jr., II, III)

3. **Other names you know the debtor has used in the last 8 years**

Include any assumed, married, maiden, or trade names, or *doing business as* names.

Woodgreen Shelton LLC

4. **Only the last 4 digits of debtor's Social Security Number or federal Individual Taxpayer Identification Number (ITIN)**

☒ Unknown

xxx – xx – ____ OR 9 xx – xx – ____

5. **Any Employer Identification Numbers (EINs) used in the last 8 years**

☒ Unknown

__ – _______
EIN

__ – _______
EIN

Debtor ______________________ Case number (if known) ______________________

**6. Debtor's address**

**Principal residence**

25 Waring Rd.
Number Street

City: Pound Ridge (handwritten correction) State: NY ZIP Code: 10576

County: ______

**Mailing address, if different from residence**

6515 Main St.
Number Street
Suite 12

City: Trumbull State: CT ZIP Code: 06611

**Principal place of business**

375 Bridgeport Ave.
Number Street

City: Shelton State: CT ZIP Code: 06484

County: Fairfield

**7. Type of business**

☐ Debtor does not operate a business

*Check one if the debtor operates a business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ None of the above

**8. Type of debt**

**Each petitioner believes:**

☐ **Debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☒ **Debts are primarily business debts.** *Business debts* are debts that were incurred to obtain money for a business or investment or through the operation of the business or investment.

**9. Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor?**

☒ No

☐ Yes. Debtor ______ Relationship ______
District ______ Date filed ______ (MM / DD / YYYY) Case number, if known ______

Debtor ______ Relationship ______
District ______ Date filed ______ (MM / DD / YYYY) Case number, if known ______

Debtor ______________________ Case number (if known) ______________________

## Part 3: Report About the Case

**10. Venue**

Reason for filing in this court.

*Check one:*

- [x] Over the last 180 days before the filing of this bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.
- [ ] Other reason. Explain. (See 28 U.S.C. § 1408.) ______________________

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked*:

- [x] The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.
- [ ] Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

- [x] No
- [ ] Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Villano & Gallo International Trust<br>Anthony G. Villano Ciao Trust | | $ |
| Captains Way et al | | $ |
| Over 50 Co. LLC | | $ |
| | Total | $ unknown |

**If more than 3 petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's (or representative's) signature under the statement, along with the signature of the petitioner's attorney, and the information on the petitioning creditor, the petitioner's claim, the petitioner's representative, and the attorney following the format on this form.**

Debtor ______________________ Case number (if known) ______________________

## Part 4: Request for Relief

Petitioners request that an order for relief be entered against the debtor under the chapter specified in Part 1 of this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioners declare under penalty of perjury that the information provided in this petition is true and correct. Petitioners understand that if they make a false statement, they could be fined up to $250,000 or imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571. If relief is not ordered, the court may award attorneys' fees, costs, damages, and punitive damages. 11 U.S.C. § 303(i).

**Petitioners or Petitioners' Representative**

✗ [signature]
Signature of petitioner or representative, including representative's title

Anthony G. Villano, Settlor of Trusts
Printed name of petitioner

Date signed 3/13/19
MM / DD / YYYY

**Mailing address of petitioner**

522 Derby Milford Rd.
Number Street

Orange CT 06477
City State ZIP Code

**If petitioner is an individual and is not represented by an attorney:**

Contact phone 203-530-3814

Email none - hard copies only

**Name and mailing address of petitioner's representative, if any**

n/a
Name

______________________
Number Street

______________________
City State ZIP Code

**Attorneys**

✗ ______________________
Signature of attorney

______________________
Printed name

______________________
Firm name, if any

______________________
Number Street

______________________
City State ZIP Code

Date signed ______________
MM / DD / YYYY

Contact phone ______________ Email ______________

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_________ District of _________

Case number *(If known)*: ______ Chapter 7

2019 ... 10:21 ... COURT

☐ Check if this is an amended filing

Official Form 105

# Involuntary Petition Against an Individual

12/15

**Use this form to begin a bankruptcy case against an individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against a Non-Individual* (Official Form 205). Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write name and case number (if known).**

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

**1. Chapter of the Bankruptcy Code**

*Check one:*

☒ Chapter 7

☐ Chapter 11

## Part 2: Identify the Debtor

**2. Debtor's full name**

Jeff
First name

M
Middle name

Miller
Last name

______
Suffix (Sr., Jr., II, III)

**3. Other names you know the debtor has used in the last 8 years**

Include any assumed, married, maiden, or trade names, or *doing business as* names.

Woodgreen Shelton LLC

**4. Only the last 4 digits of debtor's Social Security Number or federal Individual Taxpayer Identification Number (ITIN)**

☒ Unknown

xxx – xx – ____ ____ ____ ____ OR 9 xx – xx – ____ ____ ____ ____

**5. Any Employer Identification Numbers (EINs) used in the last 8 years**

☒ Unknown

__ __ – __ __ __ __ __ __ __
EIN

__ __ – __ __ __ __ __ __ __
EIN

Debtor ______________________ Case number (if known) ______________________

**6. Debtor's address**

**Principal residence**

Number Street

City State ZIP Code

County

**Mailing address, if different from residence**

6515 Main Street
Number Street

Suite 12

Trumbull, CT 06611
City State ZIP Code

**Principal place of business**

375 Bridgeport Ave.
Number Street

Shelton CT 06484
City State ZIP Code

Fairfield
County

**7. Type of business**

☐ Debtor does not operate a business

*Check one if the debtor operates a business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ None of the above

**8. Type of debt**

**Each petitioner believes:**

☐ **Debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☒ **Debts are primarily business debts.** *Business debts* are debts that were incurred to obtain money for a business or investment or through the operation of the business or investment.

**9. Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor?**

☒ No

☐ Yes. Debtor ______________________ Relationship ______________________

District ______________________ Date filed ____________ MM / DD / YYYY Case number, if known ______________________

Debtor ______________________ Relationship ______________________

District ______________________ Date filed ____________ MM / DD / YYYY Case number, if known ______________________

Debtor ______________________ Case number (if known) ______________________

## Part 3: Report About the Case

**10. Venue**

Reason for filing in this court.

*Check one:*

☒ Over the last 180 days before the filing of this bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

☐ Other reason. Explain. (See 28 U.S.C. § 1408.) ______________________

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☒ The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☒ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Villano & Gallo International Trust<br>Anthony G. Villano Ciao Trust | | $ + |
| Captains Way Et Al | | $ + |
| Over 50 Co. LLC | | $ + |
| | Total | $unknown |

**If more than 3 petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's (or representative's) signature under the statement, along with the signature of the petitioner's attorney, and the information on the petitioning creditor, the petitioner's claim, the petitioner's representative, and the attorney following the format on this form.**

Debtor ______________________ Case number (if known) ______________________

## Part 4: Request for Relief

Petitioners request that an order for relief be entered against the debtor under the chapter specified in Part 1 of this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioners declare under penalty of perjury that the information provided in this petition is true and correct. Petitioners understand that if they make a false statement, they could be fined up to $250,000 or imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571. If relief is not ordered, the court may award attorneys' fees, costs, damages, and punitive damages. 11 U.S.C. § 303(i).

**Petitioners or Petitioners' Representative**

✗ [signature]
Signature of petitioner or representative, including representative's title

Anthony G. Villano, Settlor of Trusts
Printed name of petitioner

Date signed 3/23/19
MM / DD / YYYY

**Mailing address of petitioner**

522 Derby Milford Rd.
Number Street

Orange CT 06477
City State ZIP Code

**If petitioner is an individual and is not represented by an attorney:**

Contact phone 203-530-3814

Email none - hard copy only

**Name and mailing address of petitioner's representative, if any**

n/a
Name

Number Street

City State ZIP Code

**Attorneys**

✗ ______________________
Signature of attorney

Printed name

Firm name, if any

Number Street

City State ZIP Code

Date signed ______________
MM / DD / YYYY

Contact phone ______________ Email ______________

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Connecticut
(State)

Case number (If known): ___ Chapter 11

FILED
2019 MAR 20 A 10:20
CLERK U.S. BANKRUPTCY COURT
DISTRICT

☒ Check if this is an amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual

12/15

**Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).**

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

**1. Chapter of the Bankruptcy Code**

*Check one:*

☒ Chapter 7

☐ Chapter 11

## Part 2: Identify the Debtor

**2. Debtor's name**

~~Woodgreen Shelton LLC~~

**3. Other names you know the debtor has used in the last 8 years**

Include any assumed names, trade names, or *doing business as* names.

Wood Berry LLC

Woodgreen Management Co. LLC

**4. Debtor's federal Employer Identification Number (EIN)**

☒ Unknown

EIN ___ - _______

**5. Debtor's address**

**Principal place of business**

375 Bridgeport Ave.
Number Street

Shelton CT 06484
City State ZIP Code

Fairfield
County

**Mailing address, if different**

271 Whitney Ave.
Number Street

Sean M. Fisher
P.O. Box

New Haven, CT 06511
City State ZIP Code

**Location of principal assets, if different from principal place of business**

65 Main St.
Number Street

Trumbull, CT 06611

City State ZIP Code

Debtor Woodgreen Shelton Case number (if known) 17-50749
Name

**6. Debtor's website** (URL) ______________________

**7. Type of debtor**

- [x] Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- [ ] Partnership (excluding LLP)
- [ ] Other type of debtor. Specify: ______________________

**8. Type of debtor's business**

*Check one:*

- [ ] Health Care Business (as defined in 11 U.S.C. § 101(27A))
- [x] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- [ ] Railroad (as defined in 11 U.S.C. § 101(44))
- [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
- [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
- [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
- [ ] None of the types of business listed.
- [ ] Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

- [x] No
- [ ] Yes. Debtor ______________________ Relationship ______________________

District ______________________ Date filed ____________ Case number, if known ______________________
MM / DD / YYYY

Debtor ______________________ Relationship ______________________

District ______________________ Date filed ____________ Case number, if known ______________________
MM / DD / YYYY

## Part 3: Report About the Case

**10. Venue**

*Check one:*

- [x] Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked*:

- [x] The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.
- [ ] Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

- [x] No
- [ ] Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

Debtor ______________________ Case number (if known) ______________________
Name

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Harborside Associates | Violation of Lease | $ |
| Ciao Trust | Violation of Lease | $ |
| Captains Way | Violation of Lease | $ |
| | Total of petitioners' claims | $ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

## Part 4: Request for Relief

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

### Petitioners or Petitioners' Representative

**Name and mailing address of petitioner**

Harborside Associates
Name

946 Ferry Blvd.
Number Street

Stratford | CT |
City | State | ZIP Code

**Name and mailing address of petitioner's representative, if any**

Ciao Trust
Name

522 Derby Milford Rd.
Number Street

Orange | CT | 06477
City | State | ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ______________
MM / DD / YYYY

✘ [signature] 3/27/19
Signature of petitioner or representative, including representative's title
Settlor and Member

### Attorneys

Printed name

... PC
Firm name, if any

1 ... Floor
Number Street

City | CT | 06511
| State | ZIP Code

Contact phone ______________ Email ______________

Bar number ______________

State CT

✘ ______________
Signature of attorney

Date signed ______________
MM / DD / YYYY