| | | |
|---|---|---|
| ANTHONY G. VILLANO, *et al.* *Plaintiffs*, | ) ) ) | 3:19-CV-01376 (KAD) |
| v. | ) ) | |
| JEFF MILLER, *et al.* *Defendants*. | ) ) | SEPTEMBER 9, 2019 |

## ORDER OF DISMISSAL

Kari A. Dooley, United States District Judge

      Anthony Villano, acting *pro se*, filed a Complaint in this Court in which he purports to bring claims on behalf of himself, what appear to be three other individuals, and what appear to be four legal entities.[1] He names twenty-seven defendants. For the reasons set forth in this order, the Court *sua sponte* dismisses this action without leave to amend.

**Background**

      This is Mr. Villano's fourth complaint filed in this Court in less than nine months, two of which remain pending. On January 18, 2019, Mr. Villano filed his first action, *Villano v. Woodgreen Shelton*, No. 3:19-cv-00097 [hereinafter *Villano I*], which named seven defendants, some of which were police departments or law enforcement officers. The non-law enforcement defendants, including Jeff Miller who is named as a defendant in this action, were dismissed from the case after Mr. Villano failed to effectuate service on them. *Id.*, ECF No. 42. The remaining law enforcement defendants have moved to dismiss all claims against them. *Id.*, ECF Nos. 24, 27. Mr. Villano has not responded to the motions to dismiss, and his time to do so has passed.

---

[1] It is difficult to discern from Mr. Villano's handwritten caption who is named as a plaintiff and in what capacity, particularly because the other named plaintiffs are not discussed elsewhere in the Complaint.

Next, on February 27, 2019, Mr. Villano filed *Villano & Gallo International Trust v. Woodgreen Shelton LLC*, No. 19-cv-00287 [hereinafter *Villano II*], in which he sought to bring suit on behalf of two legal entities against over fifty defendants, some of which are named defendants to this action. After the filing of that action, Mr. Villano was admonished of the need to retain counsel; *id.*, ECF No. 10; because "an artificial entity cannot proceed *pro se* and any person who represents an artificial entity must 'be an attorney licensed to practice law before our courts,' which Mr. Villano is not"; *id.*, ECF No. 13 (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)). Mr. Villano did not thereafter retain counsel, and the action was dismissed *sua sponte*. *Villano II*, ECF No. 13.

Then, on May 8, 2019, Mr. Villano filed a third action, *Villano v. State of Connecticut Judicial Department*, No., 3:19-cv-00695 [hereinafter *Villano III*], in which he alleges that his constitutional rights are being violated in his ongoing state criminal prosecutions. The defendants in that case have moved to dismiss all claims on a variety of bases. *Id.*, ECF No. 11. Mr. Villano has not replied to the motion to dismiss, and his time to do so has passed.

Finally, on September 5, 2019, Mr. Villano filed the instant action on behalf of himself and six other plaintiffs against twenty-seven defendants, some of whom he has previously sued or attempted to sue in federal court. *Villano v. Miller*, No. 19-cv-01376, ECF No. 1 (D. Conn. Sept. 5, 2019) [hereinafter *Villano IV*].

**Discussion**

The Complaint is facially defective in several respects. First and foremost, the other individual plaintiffs named in this Complaint did not sign the Complaint or otherwise appear on their own behalf. Given the content of the entire submission, it is not clear that these individuals are even aware that Mr. Villano purports to represent them and bring claims on their behalf in this

action. But whether they are aware or not, Mr. Villano does not have legal standing to assert claims for anyone other than himself. *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) ("a plaintiff may ordinarily assert only his own legal rights, not those of third parties").[2] Nor is Mr. Villano, who is not an attorney, permitted to practice law without a license. Indeed, practicing law without a license in the State of Connecticut is a felony. Conn. Gen. Stat. § 51-88(b)(1).

Mr. Villano also names four legal entities as plaintiffs. As discussed above, Mr. Villano has attempted on two prior occasions to bring claims on behalf of legal entities, including two of the entities named as plaintiffs in the instant Complaint. *Villano I*, ECF No. 34; *Villano II*, ECF No. 1. In both instances, the Court informed Mr. Villano that an artificial entity cannot proceed *pro se* and any person who represents an artificial entity must "be an attorney licensed to practice law before our courts." *Jones*, 722 F.2d at 22; *see also Villano I*, ECF No. 37 at 4; *Villano II*, ECF No. 13. Nevertheless, Mr. Villano has yet again attempted to file a complaint on behalf of legal entities without attorney representation. This he cannot do.

For these reasons, the Complaint is dismissed to the extent it purports to assert claims on behalf of individuals or entities other than Mr. Villano.

The Complaint is also, *sua sponte*, dismissed to the extent it purports to bring claims by Mr. Villano. The "principal function" of the pleading requirements embodied in Rule 8 of the Federal Rules of Civil Procedure "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("The key to Rule 8(a)'s

---

[2] The rule against third-party standing is not absolute, but the Complaint does not provide any basis for finding third-party standing. *See generally Camacho v. Brandon*, 317 F.3d 153, 159 (2d Cir. 2003) (setting forth legal standard for third party standing).

requirements is whether adequate notice is given."). "[F]air notice [is] that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Wynder*, 360 F.3d at 79. (internal quotation marks omitted). Rule 8 requires a plaintiff to "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and ***to know whether there is a legal basis for recovery***.'" *Kittay v. Kornstein,* 230 F. 3d 531, 541 (2d Cir. 2000) (emphasis added) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991)).

When a complaint does not comply with Rule 8's requirements, "the court has the power, on its own initiative . . . to dismiss the complaint." *See Salahuddin*, 861 F.2d at 42. "Dismissal [however] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.*

Here, although Mr. Villano used the form complaint for this District, the Complaint still fails to provide fair notice. With respect to the Court's "Jurisdiction," where he is instructed to "list statute(s)," Mr. Villano asserts: "CT Invitation as Plaintiffs I-R-S  I-C-E  F-B-I  S-S-A  F-D-I-C." (*Villano IV*, ECF No. 1 at 2.) And although Mr. Villano identifies his claim to be "Violations of my rights under I, II, IV, V, VI Amendment in Civil Criminal Bankruptcy & International," the "Supporting Facts" for this claim reads as follows:

> SEE Attached
> Compensation
> To EACH CAse Decision
> EITHER Volunteering
> CH 7 or 11 - OR Involuntary
> PleAse LeT US no your
> Decision THis HAs no
> BARRing on CRMINAL case's To Be Tried.
> Thank you.  A.V.

(*Id.* at 3 (capitalization in original).) Finally, the Request for Relief seeks:

4

> 1. Release of all properties whether personal or corporate under appropriate receiver;
> 2. Set up depositions for each case appropriate criminal or civil subpoenas are good 60 da [sic];
> 3. Villano & Gallo are representing all victims, vendors, creditors, debtors, trusts extra;
> 4. All correspondence to be done through both hard copies and electronic with handlers to be determined places and time.
> 5. All persons involved and companies can file proof of claims with appropriate entities whether in Court or outside of Courts, look at schedules, by US Mail, US Marshals, State Marshals, registered mail, or any authority, hand delivered or pick up with credentials.

(*Id.* at 4.)

Attached to this wholly incomprehensible document are (1) a series of letters signed by Mr. Villano, but addressed to unknown recipients; (2) docket entries from Mr. Villano's other pending cases before this Court; (3) portions of pleadings from other pending cases before this Court, the United States Bankruptcy Court, and the Connecticut state court; and (4) other items of unknown relevance or import. (*Id.* at 6–59; *see also id.*, Ex. to Compl., ECF No. 7.)

The factual allegations, to the extent there are any factual allegations, which does not appear to be the case, do not mention the twenty-seven named defendants, let alone explain what Mr. Villano's claims or allegations are against them. For example, although the names of a few of the defendants appear in the attached documents, those documents do not shed any light on these defendants' conduct or relation to any purported liability to Mr. Villano. The Court simply cannot discern any cause of action or claim contained in the Complaint so as to even merit the issuance of summonses to these twenty-seven defendants. Accordingly, the Complaint is dismissed, *sua sponte*, pursuant to Rule 8.

In addition, the Court enters the dismissal without leave to amend. Rule 15 provides that leave to amend should be "freely" given "when justice so requires." Fed. R. Civ. Pro. 15(a). "Given our jurisprudential preference for adjudication of cases on their merits rather than on the

basis of formalities, it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Salahuddin,* 861 F.2d at 42. But there are clearly circumstances under which leave to amend need not be granted. *See, e.g., Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir. 1972) (per curiam) (final dismissal appropriate where complaint was "a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and amended complaint failed to cure prolixity and incomprehensibility).

Here, it would be futile to permit Mr. Villano to amend the claims he is asserting on behalf of the other plaintiffs. *Papadopoulos v. United States*, No. 08-cv-11256 (RMB)(RL), 2010 WL 3155037, at *4 (S.D.N.Y. Aug. 9, 2010) ("[c]ourts should deny leave to amend when a claim is clearly frivolous or legally insufficient on its face" [internal quotation marks omitted]); *accord Miller v. Holtzbrinck Publishers,* No. 08-cv-03508, 2008 WL 4891212, at *5 (S.D.N.Y. Nov.11, 2008); *Ruiz v. Suffolk County Sheriff's Dep't,* No. 03-cv-03545, 2008 WL 4516222, at *2 (E.D.N.Y. Oct. 2, 2008). Mr. Villano does not have standing to assert claims on behalf of other individuals, nor does he have legal authority to represent anyone other than himself in court, as he is not licensed to practice law.

Denial of leave to amend is also warranted as to the claims Mr. Villano seeks to assert on his own behalf. The Court has repeatedly cautioned Mr. Villano that he needs to familiarize himself with the Federal Rules of Civil Procedure. *Villano I*, ECF No. 29 at 3; *id.*, ECF No. 37 at 5–6. He has repeatedly demonstrated an unwillingness or inability to follow the Rules of Civil Procedure. *Id.*, ECF No. 29 (order denying motion for capias due, in part, to failure to follow Rule 45); *id.*, ECF No. 36 (order denying motion to consolidate, in part, because it did not comport with Rule 42); *id.*, ECF No. 37 (order denying motion to amend complaint, in part, due to failure to

follow Federal Rules of Civil Procedure); *id.*, ECF No. 42 (order dismissing defendants due to Mr. Villano's failure to timely serve them, as required under Rule 4); *Villano III*, ECF No. 23 (order *sua sponte* striking amended complaint for failure to comply with Rule 15); *id.*, ECF No. 25 (order directing clerk's office not to accept pleadings without prior court approval due to Mr. Villano's failure to file materials in a manner that complies with the Federal Rules of Civil Procedure). This history, coupled with the utterly incomprehensible nature of the Complaint, in which no actual allegations are levied against any of the named defendants, counsel that the Court exercise its discretion and dismiss the Complaint without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

**Conclusion**

The Complaint is hereby dismissed, *sua sponte*, without leave to amend. The Clerk of Court is directed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of September 2019.

    */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE